Common Pleas Court of Cuyahoga County.

LEE v. CITY SAV. & LOAN CO.

Decided August 9, 1932.

*John A. Elden,* for plaintiffs.
*Arthur Hill,* for defendant.

SILBERT, J.

E. A. Lee, war veteran of the World War, served in the A. E. F. and participated in several engagements. He was wounded and suffered the loss of one eye, for which he received disability compensation from the United States government in the amount of $35.00 per month.

Edith A. Lee, his wife, also served in the A. E. F. as a war nurse and was honorably discharged from the United States Army, as was her husband.

Both E. A. Lee and his wife Edith A. Lee applied and received from the Federal Government, Adjusted Service Certificates for adjustment of pay for their service overseas in United States Army during the World War as provided by an Act of Congress.

On March 5, 1931, E. A. Lee presented to the City Savings & Loan Company of Cleveland, a check for $453.46, drawn upon the Treasury of the United States, and on which was printed in legible black type, the purpose for which it was drawn—a loan on his Adjusted Service Certificate.

The City Savings & Loan Company accepted this check; paid the plaintiff E. A. Lee, $253.16 out of the same, and placed the balance of $200 into a savings account, which account was to be a joint account in the names of E. A. Lee and Edith M. Lee. The defendant likewise gave said plaintiffs a pass book No. 6085, on the back of which was printed certain rules, and regulations, to the effect that depositors might be required to give the defendant a sixty day notice prior to their making withdrawals from said bank.

On April 2nd, 1931, the plaintiff, E. A. Lee, presented a check for $35.00 drawn upon the Treasury of the United States, and on which was printed in legible black type the purpose for which it was drawn, that is, Disability Compensation, which check the defendant cashed. It gave plaintiffs $15.00 out of same and accepted the balance of $20.00 for deposit crediting the same in the aforementioned pass book.

On May 2nd, 1931, the defendant cashed another monthly compensation check for the plaintiff, E. A. Lee, and accepted $15.00 of the proceeds for deposit once again making a credit upon said pass book.

On June 18, 1931, Edith A. Lee, presented to the defendant a check drawn upon the Treasury of the United States for the amount of $556.00 on which was printed in legible black type, the purpose for which it was drawn, that is, a loan on her adjusted service certificate and the defendant accepted $320.00 of the proceeds of same for deposit in the aforementioned joint account.

Plaintiffs made some withdrawals on this joint account, until there was a balance left of $440.00 on same, exclusive of any credit for interest, and when the defendant refused to permit any further withdrawals, the plaintiffs demanded the balance of $440.00 and filed the required sixty day notice for same. The defendant, however, refused to surrender the funds to the plaintiffs. As a consequence, this action is brought wherein the court is asked to issue a mandatory injunction compelling the defendant to deliver the funds due said plaintiffs.

Counsel for the plaintiffs contend that because of the Federal Statutes, the relationship in this instance is not that of debtor and creditor; that by virtue of the Federal

law the plaintiffs are not bound by the defendant's rules and regulations; that there is no legal remedy at law; that plaintiffs are entitled to priority and that a trust should be declared.

Counsel for the defendant contends, on the other hand, that the plaintiffs have an adequate and complete remedy at law; that this is purely a relationship of debtor and creditor; that plaintiffs are bound by the defendant's rules and regulations; that a seizure of the funds would be necessary before a mandatory injunction would lie.

Title 38, Section 618 of the U. S. Code upon which this action in part is based, exempts the proceeds of any loan on an adjusted service certificate from any attachment, levy, or seizure, or any legal or equitable process and reads as follows:

"No sum payable under this act to a veteran or his dependents, or to his estate, or to any beneficiary named under title 5; no adjusted service certificate, and no proceeds of any loan made on such certificate *shall be subject to attachment, levy, or seizure under any legal or equitable process,* or to national or state taxation, and no deduction on account of any indebtedness of the veteran to the United States shall be made from the adjusted service creditor from any amounts due under this act."

Title 38, Section 454, of the United States Code, which should be read in connection with Section 618, exempts *disability compensation and reads as follows:*

"That the compensation insurance and maintenance and support allowance payable under titles 2, 3 and 4 respectively, shall not be assignable; shall not be subject to the claims of *creditors of any person to whom* an award is made under titles 2, 3, or 4; and shall be exempt from all taxation; provided that such compensation insurance and support or maintenance allowance shall be subject to any claims which the United States may have under titles 2, 3, 4 and 5 against the person on whose account the compensation insurance or maintenance and support allowance is payable."

In general, it may be said that deposits in a bank become the bank's property creating between the bank and the depositor the relationship of debtor and creditor in

the absence of an express or implied agreement or a provision of law to the contrary.

That the law has thrown its mantle of protection around this fund and taken it out of the creditor and debtor doctrine, is quite obvious. The Congress has directed the Federal Government to pay to its World War Veterans and their families certain maintenance compensation in the form of monthly allowances and compensation certificates. And as part of this law, Congress, in effect, has issued the following mandate:

This fund is dedicated to the maintenance of the veteran and his dependents; it is immune from seizure or detention of any nature inconsistent with its purpose; the law shall follow it and reclaim it for the veteran from whomsoever shall have taken or received it with knowledge of its origin and nature, and not for the purpose for which it was intended.

This court is of the opinion that the spirit of the Federal laws provided for the payment and immunity of these funds demand a liberal interpretation and application to accomplish their purpose.

The Court of Appeals in the case of *Ramisch* v. *Fulton*, Supt. of Banks, 36 O. L. R. 122; 41 Ohio App.443, has recently decided that the taking over of the liquidation of a bank by the State Superintendent of Banks, constitutes a "seizure" within the meaning of the Federal statutes, and it held exempt from such seizure a veteran's deposit of compensation funds in such bank.

In the instant case, by apparent authority of law, the defendant Bank, instead of the Superintendent of Banks, has "seized" the funds of the plaintiffs and refused and refuses to surrender them. The principle of law announced in the Ramisch case, *supra*, is applicable to the facts of this case. See also *Second National Bank* v. *Hoblit*, 41 Ohio App 126. [O. L. B. & R. March 21, 1932.]

The defendant knew the nature of these funds when it received them. It has seized them by apparent legal authority by its refusal to surrender them. Since these funds are exempt from seizure, it is the judgment of this Court that the defendant be and is hereby ordered to return these funds to the plaintiffs. Defendant excepts.